**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

| | |
|---|---|
| Courtroom Deputy:  Cathy Pearson | Date:  October 26, 2015 |
| Court Reporter:  Tammy Hoffschildt | Interpreter: n/a |
| Probation Officer:  Andrea Bell | |
|                         Melissa Roberts | |

**CASE NO.   15-cr-00162-RM**

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA, | Alecia Riewerts |
| | Beth Gibson |
|             Plaintiff, | |
| v. | |
| 1.   Matthew Hornung, | Brian Leedy |
|             Defendant. | |

**COURTROOM MINUTES**

**SENTENCING HEARING**
**COURT IN SESSION:**     **9:00 a.m.**
Appearances of counsel.   Defendant is present and in custody.

Defendant entered his plea on June 8, 2015, to Count 1 of the Information.   The Court formally accepts the Plea Agreement at this hearing.

Discussion held regarding pending motions and objections.

**ORDERED:**   United States' Motion Under U.S.S.G. 3E1.1(b) for 1-Level Reduction in Defendant's Offense Level for Acceptance of Responsibility (Doc. 36) is GRANTED as stated on the record.

Discussion held and argument given regarding Defendant's Motion for a Variant Sentence of 10 Years Imprisonment (Doc. 32).

Counsel for the Government addresses the Court regarding sentencing.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant's father addresses the Court.

Defendant addresses the Court regarding sentencing.

**ORDERED:** Defendant's Motion for a Variant Sentence of 10 Years Imprisonment (Doc. 32) is DENIED.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, MATTHEW HORNUNG, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **156 months.**

Court RECOMMENDS that the Bureau of Prisons place the defendant at FCI – Elkton, Ohio, and recommends that he be allowed to participate in a program for sex offender treatment.

**ORDERED:** Upon release from imprisonment, Defendant shall be placed on **supervised release** for a period of **(ten) 10 years.**

**ORDERED: Mandatory Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not unlawfully possess controlled substances.
- (**X**) Defendant shall not possess a firearm, ammunition, or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from Defendant as directed by the probation officer.
- (**X**) Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender

registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.

**ORDERED:** **Special Conditions** of Supervised Release that:
- (**X**) Defendant's use of computers and Internet access devices shall be limited to those Defendant requests to use, and which the probation officer authorizes. This authorization shall not be unreasonably withheld. Defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any probation officer with reasonable suspicion concerning a new law violation of a sexual nature, a violation of a condition of supervised release other than a new law violation, and/or by any probation officer in the lawful discharge of the officer's supervision functions.
- (**X**) Defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.
- (**X**) Defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as Defendant is released from the program by the probation officer. Defendant shall pay the cost of treatment as directed by the probation officer.
- (**X**) Defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment as directed by the probation officer, which may include polygraph, plethysmograph and visual reaction time measuring instruments as determined therapeutically appropriate. Defendant will be required to pay the cost of these evaluations and treatment. Defendant shall comply with the rules and restrictions specified by the treatment agency.
- (**X**) Defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer or other access device Defendant is authorized by the probation officer to use. The software may record any and all activity on the computer or device, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer or device at the time of installation to warn others of the existence of the monitoring software on the computer or device. Defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.
- (**X**) Defendant shall not have any unsupervised contact with minors, unless approved by the probation office, and unless such contact is consistent with any sex offender treatment program in which he is enrolled.
- (**X**) Defendant shall comply with the terms and conditions for payment of the

        special assessment, restitution or fine imposed by this judgment.
(**X**)    Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

**ORDERED:** Defendant shall pay **$100** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

Defendant advised of right to appeal.

**ORDERED:** Any notice of appeal must be filed within 14 days.

**ORDERED:** Defendant is REMANDED to the custody of the U.S. Marshal.

**Court in recess:** 10:54 a.m.
Hearing concluded.
Total time: 1:54